# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROTTEN RECORDS, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 98.229.55.74,<br><br>　　　　　Defendant. | **JURY TRIAL DEMANDED**<br><br>Civil Action No. _____<br><br>**COMPLAINT - ACTION<br>FOR DAMAGES FOR PROPERTY<br>RIGHTS INFRINGEMENT** |

Plaintiff, Rotten Records, Inc. sues Defendant John Doe subscriber assigned IP address 98.229.55.74, and alleges:

## Introduction

1.　　This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

2.　　Defendant is an online copyright infringer and BitTorrent user.  Indeed, Defendant's IP address as set forth on Exhibit "A" was used to illegally distribute the copyrighted work owned by Plaintiff listed on Exhibit "B" without authorization.

3.　　Plaintiff is the registered owner of the copyrighted digital audio recording set forth on Exhibit B (the "Copyright-in-Suit").

## Jurisdiction and Venue

4.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District and, therefore, this Court has personal jurisdiction over the Defendant because: (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

7. Plaintiff is a corporation organized and existing under the laws of the State of Nevada and has its principal place of business located at P.O. Box 56, Upland, CA 91785.

8. Plaintiff only knows Defendant by his, her or its IP address. Defendant's IP address is set forth in the style of the case.

9. Defendant's Internet Service Provider can identify the Defendant.

**Factual Background**

I.   *Rotten Records Holds the Copyright to Widely Infringed Popular Songs*

10. Plaintiff owns the copyright to the album "Dirty Rotten Imbeciles - Definition" ("Album"), as listed in Exhibit A, which consists of 13 songs.

11.     The Album is being widely infringed through the BitTorrent peer-to-peer file sharing network.

II.     _Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights_

12.     The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, written publications, audiovisual works, music, movies and other digital media files ("Digital Media Files").[1]

13.     BitTorrent's popularity stems from the ability of users to directly interact and communicate with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network.   The methodology of BitTorrent allows users to interact and communicate directly with each other, thus avoiding the need for intermediary host websites which are subject to the Digital Millennium Copyright Act take-down notices and potential regulatory enforcement actions.

14.     In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces.   Users then exchange these pieces among each other, instead of attempting to distribute a much larger digital file.

15.     After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

16.     Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

---

[1] NetNames found in their September 2013 report, "Sizing The Piracy Universe" that 78.1% of all music on BitTorrent was infringing on copyright.

17.     The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g., a song).   Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

18.     Plaintiff's infringement detection company, Rightscorp, Inc. ("Rightscorp"), established a direct TCP/IP connection with Defendant.

19.     Rightscorp downloaded digital media files (the "Infringing Files") from Defendant.  The Infringing Files are owned by Plaintiff.

20.     Plaintiff is the owner of the work in the Infringing Files which is registered with the U.S. Copyright Office.  See Exhibit B for the work's copyright registration information.

21.     Plaintiff did not authorize its copyrighted work to be distributed via the BitTorrent protocol.  Instead, the initial seeder illegally uploaded the work to BitTorrent and distributed it to numerous other individuals without Plaintiff's permission.

22.     Neither Plaintiff nor Rightscorp was the initial seeder nor can the initial seeder be identified.

23.     Defendant distributed all of the pieces of the Infringing Files allowing others to assemble them into a playable audio file.

24.     Rightscorp downloaded a full copy of the Infringing Files and reviewed them.  Rightscorp further reviewed the original works and confirmed that the Infringing Files are identical to the corresponding original works.

25.     At no time did Rightscorp upload Plaintiff's copyrighted content to any other BitTorrent users.

26.     Although there are multiple infringing transactions from Defendant's IP address, the most recent infringing transaction recorded by Rightscorp (as of the date of this filing) is set forth on Exhibit A.

27.     Exhibit B lists the registration number, registration date, and date of first publication for the work.

28.     Each infringing transaction between Defendant's IP address and Rightscorp is recorded in a video and a BitTorrent log file.  Here, the video recording is of a transaction between the infringer's computer and Rightscorp's computer.  Through each transaction, Defendant distributed a piece of the Infringing File.  The video and BitTorrent log file shows Defendant's IP address, and the pieces that were distributed. Rightscorp's operator plays a portion of the files downloaded from the Defendant's computer in the video immediately after they have been downloaded.

29.     Rightscorp sent Defendant 288 notices vis their ISP Comcast Cable Communications, Inc. from December 14, 2014 to May 12, 2015 demanding that Defendant stop illegally distributing Plaintiff's work.

30.     Defendant ignored each and every notice and continued to illegally distribute Plaintiff's work.

## Miscellaneous

31.     All conditions precedent to bringing this action have occurred or have been waived.

32.     Plaintiff has retained counsel and is obligated to pay said counsel a

reasonable fee for its services.

## COUNT I
### Direct Infringement Against Defendant

33.     The allegations contained in paragraphs 1-32 are hereby re-alleged as if fully set forth herein.

34.     Plaintiff is the owner of the copyright which covers an original work of authorship.

35.     By using BitTorrent, Defendant copied and distributed the constituent elements of the copyrighted work.

36.     Plaintiff did not authorize, permit or consent to Defendant's distribution of its work.

37.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the work's images in any sequence and/or by making the sounds accompanying the work audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted work, in violation of 17 U.S.C. §§ 106(5) and 501,

by showing individual images of the work nonsequentially and transmitting said display of the work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

38.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1.     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted work;

2.     At the close of this litigation, Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's work from each of the computers under Defendant's possession, custody or control;

3.     At the close of this litigation, Order that Defendant delete and permanently remove the infringing copies of the work Defendant has on computers under Defendant's possession, custody or control;

4.     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504 (a) and (c);

5.     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6.     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, Rotten Records,
By its attorneys,


/s/ John E. Young
John E. Young, BBO #654093
*jyoung@flynnwirkus.com*
Flynn Wirkus Young, P.C.
400 Crown Colony Drive, Suite 601
Quincy, MA 02169
(617) 773-5500